IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

GERMAN JESUS RUBI-PEREZ,          :

    Petitioner,                               :

vs.                                                    :          CA 07-0424-CG-C

ALICE LOWER, et al.,                       :

    Respondents.

**REPORT AND RECOMMENDATION**

This is a petition filed pursuant to 28 U.S.C. § 2241 by a detainee in federal custody awaiting his removal from the United States. This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). For the reasons stated herein, it is recommended that the Court dismiss petitioner's application based upon his failure to prosecute his claims.

Rubi-Perez's § 2241 petition was transferred to this Court from the United States District Court for the Middle District of Alabama on June 11, 2007. (*See* Doc. 9) By order dated June 20, 2007, petitioner was ordered to pay the required filing fee or file a motion to proceed *in forma pauperis* not later than July 18, 2007. (Doc. 10) The Court warned petitioner that his failure to

comply with the order within the prescribed time or to notify the Court of a change of address would result in the dismissal of his action "for failure to prosecute and to obey the Court's order." (*Id*. at 1) This order was returned to the Court as undeliverable on July 2, 2007 (Doc. 11) and, again, on July 18, 2007 (Doc. 12). To date, this Court has not been advised by petitioner of a change of address nor, obviously, has Rubi-Perez responded to the order.

An action may be dismissed if the petitioner fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc*., 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

In this case, petitioner has not supplied this Court with a change of address nor, obviously, has he responded to the Court's order of June 20, 2007. Accordingly, it is recommended that the Court **DISMISS**, without prejudice, Rubi-Perez's § 2241 petition for writ of habeas corpus, pursuant to Fed.R.Civ.P. 41(b), due to his failure to prosecute this action by obeying this

court's order.

The attached sheet contains information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 2nd day of August, 2007.

       s/WILLIAM E. CASSADY
       **UNITED STATES MAGISTRATE JUDGE**

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND **FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                                            s/WILLIAM E. CASSADY
                                                                            UNITED STATES MAGISTRATE JUDGE